| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe - State Bar No. 137019<br>Reem J. Bello – State Bar No. 198840<br>GOE FORSYTHE & HODGES LLP<br>17701 Cowan, Suite 210<br>Irvine, CA 92614<br>rgoe@goeforlaw.com<br>rbello@goeforlaw.com<br><br>Telephone:  (949) 798-2460<br>Facsimile:  (949) 955-9437<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* FGV Fresno LP, a California LP | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>FGV Fresno LP, a California limited partnership,<br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10170-SC<br>CHAPTER: 11<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) <u>FGV Fresno LP, a California limited partnership</u>,
    filed a motion or application (Motion) entitled <u>Application of Debtor and Debtor-In-Possession, FGV Fresno LP for</u>
    <u>Authority to Employ Goe Forsythe & Hodges, LLP, as General Bankruptcy Counsel</u>.

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☒  The full Motion is attached to this notice; or

    ☐  The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  03/01/2023

/s/Robert P. Goe
Signature of Movant or attorney for Movant

Robert P. Goe
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2              F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

1  Robert P. Goe - State Bar No. 137019
   Reem J. Bello – State Bar No. 198840
2  **GOE FORSYTHE & HODGES LLP**
   17701 Cowan, Suite 210, Bldg. D
3  Irvine, CA 92614
   rgoe@goeforlaw.com
4  rbello@goeforlaw.com

5  Telephone:  (949) 798-2460
   Facsimile:  (949) 955-9437
6
7  Proposed Attorneys for FGV Fresno LP,
   a California limited partnership

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SANTA ANA DIVISION**

11

12 | In re:                              | Case No. 8:23-bk-10170-SC

13 | FGV Fresno LP, a California limited | Chapter 11
     partnership,

14 |                                     | **APPLICATION OF DEBTOR AND**
15 |           Debtor and Debtor in      | **DEBTOR-IN-POSSESSION, FGV**
               Possession.                 **FRESNO LP FOR AUTHORITY TO**
16 |                                     | **EMPLOY GOE FORSYTHE &**
                                           **HODGES LLP, AS GENERAL**
17 |                                     | **BANKRUPTCY COUNSEL;**
                                           **DECLARATION OF ROBERT P. GOE**
18 |                                     | **IN SUPPORT THEREOF**

19 |                                     | [A hearing will be scheduled only if an
                                           objection and request for hearing is timely
20 |                                     | filed. LBR 2014-1(b)(5)]

21 **TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANRUPTCY**

22 **JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL**

23 **PARTIES IN INTEREST:**

24          FGV Fresno LP, a California limited partnership, the debtor and debtor in possession

25 ("Debtor") in the above-captioned bankruptcy case, hereby applies to this Court for an order

26 authorizing it to employ Goe Forsythe & Hodges LLP, (the "Firm") as its general bankruptcy

27 counsel, pursuant to the provisions of 11 U.S.C. Section 327 and Rule 2014(a) of the Federal

28 Rules of Bankruptcy Procedure effective as of February 10, 2023.  In support thereof, the

1

Applicant respectfully represents as follows:

1.      The Voluntary Chapter 11 Petition commencing this case was filed on January 31, 2023.  See Declaration of Robert P. Goe ("Goe Declaration"), ¶ 2, attached hereto and incorporated herein by this reference.

2.      Applicant is the Debtor and Debtor-in-Possession in this Chapter 11 case. Goe Declaration, ¶ 3.

3.      The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future.  Goe Declaration, ¶ 4.

4.      The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  Goe Declaration, ¶ 5.

5.      Debtor requires the services of the Firm to render the following types of professional services:

a.  To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

b.  To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor to their assets and to the claims of creditors;

c.  To represent Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

d.  To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 case;

e.  To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

\\\

f.  To assist Debtor in negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization;

g.  To make any bankruptcy court appearances on behalf of Debtor; and

h.  To take such other action and perform such other services as Debtor may require of the Firm in connection with this Chapter 11 case.  Goe Declaration, ¶ 6.

6.      The Firm has received post-petition a retainer of $35,000 ("Retainer") from Beaumont 1600, LLC ("Beaumont"), on behalf of the Debtor's general partner, The Group of Companies, Inc. ("GP") as an equity contribution to the Debtor.  The Retainer is in a segregated client trust account.  Goe Declaration, ¶ 7.

7.      Beaumont was scheduled as an unsecured creditor for $3,000,000.  Goe Declaration, ¶ 8.

8.      Notwithstanding the fact that Beaumont paid the Retainer and GP shall guarantee the payment of the ongoing fees of the Debtor to the Firm, the Firm does not represent Beaumont nor GP and the Firm represents only the Debtor, owes its sole legal duty to Debtor and will act solely in the interests of Debtor.  Goe Declaration, ¶ 9.

9.      There has been adequate disclosure regarding this fee arrangement set forth in paragraph 7 above, as it was fully disclosed to the Debtor, GP and Beaumont in the Retention Agreement (attached to the Goe Declaration as **Exhibit "1"**) and this Application.  Goe Declaration, ¶ 10.

10.      Debtor gave its express consent to this fee arrangement by signing the Retention Agreement and signing the declaration in support of this Application.  Goe Declaration, ¶ 11.

11.      Beaumont and GP have independent legal counsel and the Retention Agreement includes express written language that the Firm's duty of loyalty is owed only to the Debtor. Goe Declaration, ¶ 12.

12.      The payment of the Retainer by Beaumont, and the payment of the Firm's fees going forward by GP shall not be a loan to the Debtor, but shall serve only as an equity contribution to the Debtor.  Goe Declaration, ¶ 13.

13. Debtor required competent bankruptcy counsel to substitute into the case after its filing, thus, necessitating a post-petition retainer. Goe Declaration, ¶ 14.

14. In accordance with the provisions of the U. S. Trustee Fee Guide regarding draw-down on retainers, monthly the Firm will serve upon the Debtor and the Office of the United State Trustee a copy of its Professional Fee Statement with the Firm's monthly invoice with respect to reimbursement of fees and for professional services rendered to the Debtor (the "Fee Notice). A copy of the Fee Notice *without supporting documentation* will be served upon the twenty largest general unsecured creditors, and on those parties who have requested special notice in the Debtor's case. If no objection to the Fee Notice is filed and served within ten (10) days after the service of the Fee Notice, after the Retainer is exhausted the Debtor and GP will pay to the Firm the amount of fees and costs represented by that monthly invoice without further notice, hearing, or order of the Court. If a written objection to the Firm's Fee Notice is timely filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such objection consensually. If such an objection cannot be resolved consensually, no payment of the disputed amount of the Fee Notice will be paid to the Firm until the objection has been resolved by the Court. Any failure to serve timely an objection to a Fee Notice will be deemed to be a waiver of any objection to the payment of the fees and costs requested by such Fee Notice, but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs. Goe Declaration, ¶ 15.

15. In the event the Firm seeks payment from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 330 and 331 and understands that its compensation will be subject to the approval of the Court. Goe Declaration, ¶16.

16. To the best of Debtor's knowledge, and based upon the Goe Declaration, neither the Firm nor any of the attorneys comprising or employed by it, have any connection with the United States Trustee, or any person employed in the office of the United States Trustee, Debtor, Debtor's accountant. Debtor's creditors, any other party in interest, or its respective attorneys or accountants. Goe Declaration, ¶ 17.

17.     Previously, the Firm (known at the time as Goe & Forsythe LLP), represented a secured creditor in an unrelated bankruptcy proceeding wherein Scott Krentel, the President of the GP and Beaumont were principals of the debtor in that unrelated prior bankruptcy case, which representation ended in 2013.  Goe Declaration, ¶ 18.

18.     The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.  Goe Declaration, ¶ 19.

19.     None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.  Goe Declaration, ¶ 20.

**WHEREFORE**, Debtor prays that the Court enter its Order as follows:

1.     Authorizing Debtor, based upon the foregoing and pursuant to 11 U.S.C. §327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as its general bankruptcy counsel, with compensation to be in accordance with the terms set forth herein; and

2.     Granting such other and further relief as the Court deems just and appropriate.

**FGV FRESNO LP**

By: _____
    Scott Krentel
    President of The Group of Companies, Inc.,
    General Partner of FGV Fresno LP,
    Debtor and Debtor-in-Possession

Dated: February 28, 2023

Presented by:
**GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
    Robert P. Goe
    Proposed Attorneys for FGV Fresno
    LP, a California limited partnership,
    Debtor and Debtor in Possession

**Declaration of Robert P. Goe**

I, Robert P. Goe, declare and state,

1.     I am a Partner in the law firm of Goe Forsythe & Hodges LLP, which is proposed chapter 11 counsel to FGV Fresno LP, a California limited partnership, the debtor and debtor in possession in the instant bankruptcy case ("Debtor"). I make this declaration in support of Debtor's *Application of Debtor and Debtor-in-Possession, FGV Fresno LP for Authority to Employ Goe Forsythe & Hodges LLP, as General Bankruptcy Counsel* ("Application"), to which this Declaration is attached. The following facts are known to me and if called as a witness I could and would competently testify thereto.

2.     The Voluntary Chapter 11 Petition commencing this case was filed on January 31, 2023.

3.     Applicant is the Debtor and Debtor-in-Possession in this Chapter 11 case.

4.     The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future.

5.     The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.

6.     Debtor requires the services of the Firm to render the following types of professional services:

    a. To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

    b. To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor to their assets and to the claims of creditors;

    c. To represent Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

d.  To conduct examinations of witnesses, claimants, or adverse parties and to

prepare and assist in the preparation of reports, accounts, and pleadings

related to this Chapter 11 case;

e.  To advise Debtor concerning the requirements of the Bankruptcy Court and

applicable rules as the same affect Debtor in this proceeding;

f.  To assist Debtor in negotiation, formulation, confirmation, and

implementation of a Chapter 11 plan of reorganization;

g.  To make any bankruptcy court appearances on behalf of Debtor; and

h.  To take such other action and perform such other services as Debtor may

require of the Firm in connection with this Chapter 11 case.

7.      The Firm has received post-petition a retainer of $35,000 ("Retainer") from Beaumont 1600, LLC ("Beaumont"), on behalf of the Debtor's general partner, The Group of Companies, Inc. ("GP") as an equity contribution to the Debtor.  The Retainer is in a segregated client trust account.

8.      Beaumont was scheduled as an unsecured creditor for $3,000,000.

9.      Notwithstanding the fact that Beaumont paid the Retainer and GP shall guarantee the payment of the ongoing fees of the Debtor to the Firm, the Firm does not represent Beaumont nor GP and the Firm represents only the Debtor, owes its sole legal duty to Debtor and will act solely in the interests of Debtor.

10.     There has been adequate disclosure regarding this fee arrangement set forth in paragraph 7 above, as it was fully disclosed to the Debtor, GP and Beaumont in the Retention Agreement (attached hereto as **Exhibit "1"**) and this Application.

11.     Debtor gave its express consent to this fee arrangement by signing the Retention Agreement and signing the declaration in support of this Application.

12.     Beaumont and GP have independent legal counsel and the Retention Agreement includes express written language that the Firm's duty of loyalty is owed only to the Debtor.

13.     The payment of the Retainer by Beaumont, and the payment of the Firm's fees going forward by GP shall not be a loan to the Debtor, but shall serve only as an equity

7

1    contribution to the Debtor.

2         14.    Debtor required competent bankruptcy counsel to substitute into the case after its

3    filing, thus, necessitating a post-petition retainer.

4         15.    In accordance with the provisions of the U. S. Trustee Fee Guide regarding draw-

5    down on retainers, monthly the Firm will serve upon the Debtor and the Office of the United

6    State Trustee a copy of its Professional Fee Statement with the Firm's monthly invoice with

7    respect to reimbursement of fees and for professional services rendered to the Debtor (the "Fee

8    Notice). A copy of the Fee Notice *without supporting documentation* will be served upon the

9    twenty largest general unsecured creditors, and on those parties who have requested special

10   notice in the Debtor's case.   If no objection to the Fee Notice is filed and served within ten (10)

11   days after the service of the Fee Notice, after the Retainer is exhausted the Debtor and GP will

12   pay to the Firm the amount of fees and costs represented by that monthly invoice without further

13   notice, hearing, or order of the Court.   If a written objection to the Firm's Fee Notice is timely

14   filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such

15   objection consensually.   If such an objection cannot be resolved consensually, no payment of

16   the disputed amount of the Fee Notice will be paid to the Firm until the objection has been

17   resolved by the Court.  Any failure to serve timely an objection to a Fee Notice will be deemed

18   to be a waiver of any objection to the payment of the fees and costs requested by such Fee

19   Notice, but will not be deemed to be a waiver of any objection to the allowance by the Court of

20   such fees and costs.

21        16.    In the event the Firm seeks payment from the bankruptcy estate, the Firm intends

22   to apply to this Court for compensation in conformity with Bankruptcy Code §§ 330 and 331

23   and understands that its compensation will be subject to the approval of the Court.

24        17.    To the best of Debtor's knowledge, and based upon this declaration, neither the

25   Firm nor any of the attorneys comprising or employed by it, have any connection with the

26   United States Trustee, or any person employed in the office of the United States Trustee, Debtor,

27   Debtor's accountant. Debtor's creditors, any other party in interest, or its respective attorneys or

28   accountants.

18.     Previously, the Firm (known at the time as Goe & Forsythe LLP), represented a secured creditor in an unrelated bankruptcy proceeding wherein Scott Krentel, the President of the GP and Beaumont were principals of the debtor in that unrelated prior bankruptcy case, which representation ended in 2013.

19.     The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.

20.     None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

21.     The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.

22.     None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

23.     The Firm's current hourly rates are as follows:

| Attorneys | | Paralegals | |
|---|---|---|---|
| Robert P. Goe | $595.00 | Britney Bailey | $195.00 |
| Marc C. Forsythe | $595.00 | Arthur Johnston | $195.00 |
| Ronald S. Hodges | $595.00 | Kerry A. Murphy | $195.00 |
| Reem Bello | $550.00 | Lauren Gillen | $185.00 |
| Charity J. Manee | $535.00 | | |
| Ryan S. Riddles | $465.00 | | |
| Charlene Busch | $450.00 | | |
| Brandon Iskander | $435.00 | | |
| Jeffrey M. Yostanto | $385.00 | | |
| Lauren Raya | $375.00 | | |
| *Of Counsel* | | | |
| Elizabeth A. LaRocque | $385.00 | | |
| Brian Van Marter | $625.00 | | |
| Greg Preston | $625.00 | | |
| Taylor DeRosa | $400.00 | | |

1         I declare, under the penalty of perjury, under the laws of the United States of America, that

2   the foregoing is true and correct to the best of my knowledge and understanding.  Executed this

3   28th day of February 2023 at Irvine, California.

4                                /s/Robert P. Goe

                              Robert P. Goe

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

 

Robert P. Goe
Attorney at Law
RGoe@goeforlaw.com

February 23, 2023

**SENT VIA U.S. MAIL AND EMAIL: fgvfresno@gmail.com and dbeach@bflc.com**
FGV Fresno LP, a California limited partnership
Attention: Scott Krentel
18022 Cowan, Suite 102
Irvine, CA 92614

> **Re:    *Legal Representation in Pending Chapter 11
> Bankruptcy Case – 8:23-bk-10170-SC***

Dear Scott:

This Retention Agreement is to confirm with you the basis upon which Goe Forsythe &
Hodges LLP (the "Firm") will render legal services to FGV Fresno LP ("Client") for the sole
purpose of representing Client in the above-captioned pending Chapter 11 bankruptcy
proceeding.

It is important that you and the Firm have a clear understanding regarding legal fees from
the date of inception of our relationship. This Retention Agreement will explain the methods
utilized for the determination and payment of legal fees and the payment of costs incurred in
connection with this representation.

**SCOPE OF SERVICES**

The Firm agrees to represent the Client as general bankruptcy counsel concerning the
pending Chapter 11 bankruptcy case (the "Services"). Other than the Services, the Firm has
not agreed to perform any other work for or otherwise represent the Client. If the Client believes
that any work or representation is required outside of the Services, the Client must provide the
Client written notice of the same. Unless a further written agreement is entered into between
the Firm and the Client to proceed with work or representation outside of the Services, the Firm
will not be under any obligation to provide such services unless there is insufficient time for the
Client to obtain alternative representation.

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 2


## ATTORNEYS FEES AND COSTS

The Firm has agreed to accept **$35,000.00**, as an initial retainer to proceed in the matter ("Initial Retainer").  The Initial Retainer shall be paid by Beaumont 1600, LLC, on behalf of the Debtor's General Partner as an equity contribution to the client ("General Partner and the payment of the Initial Retainer shall not constitute a loan to the Client.  Notwithstanding that General Partner is paying the Initial Retainer and shall pay and guarantee the payment of the ongoing fees of the Client, the Firm does not represent the General Partner and the Firm is only representing the Client to whom it has a duty of loyalty.

The retainer shall be wired to the Firm at:

First Foundation Bank
18101 Von Karman Avenue, Suite 750
Irvine, CA 92612
Routing No. 122287581
Beneficiary: Goe Forsythe & Hodges LLP Legal Services Trust Fund Program
Attorney Client Trust Account
Account Number 1011008920

The Firm's charges for legal fees are based upon the hourly rate of the particular attorney or paralegal involved, with the range of hourly rates in the Firm being between $185 and $625 per hour.  The Firm's billing rates are reviewed by the members of the Firm on a semi-annual basis and are subject to adjustment.  Detailed billing statements are prepared by computer from the paralegal or attorney's daily time sheet.  In addition to professional fees, the Firm's billing statement will include itemized entries for costs and expenses incurred on your behalf, such as facsimile, telephone, copying charges, deposition fees, messenger services and filing fees.

Client authorizes the Firm to incur all reasonable costs necessary in the Firm's judgment.  Client is responsible for costs, whether incurred in the name of Client or in the name of the Firm.  While the Firm may, from time to time, advance costs for the benefit of the Client, the Firm is not required to do so, and Client agrees that it will immediately provide good funds to cover any and all requests for payment of costs, as and when the Firm instructs them to do so. In the event that the Firm advances payment of any costs for the benefit of Client, Client shall immediately reimburse the Firm upon written request and, if no request is made prior to delivery of a billing statement, the Client shall pay all costs set forth in the billing statement.

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 3

The Firm requires, as a material condition of its continuing representation, prompt payment of all monthly invoices.  Client authorizes the Firm to seek authorization from the Bankruptcy Court to obtain payment of its accruing fees and costs from the Initial Retainer, any subsequent retainer, and from the General Partner of the Client/bankruptcy estate on a monthly basis.

With respect to the Initial Retainer, the Firm will draw down on the Initial Retainer in accordance with the Guide to Applications for Retainers, and Professionals and Insider Compensation promulgated by the local Office of the United States Trustee, except that the Initial Retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust account. The Firm will submit a monthly Professional Fee Statement each month until the Retainer is exhausted.

## GUARANTEE OF FEES BY GENERAL PARTNER

The General Partner shall guarantee the payment of fees and costs incurred by Firm on behalf of Client.

## ACCESS TO CASE FILE

As you know, during the course of our representation, we will be maintaining a file which will contain original correspondence, evidence, pleadings and other documentation.  In the event we are required to withdraw from representing you, we will retain the original file pertaining to our representation of that Client until we receive instructions to transmit the file somewhere else.  At your request, we will provide you or your new counsel with a copy of the file.

## AVAILABILITY OF CLIENT

It is also a material condition of the Firm's representation that you agree to make yourself available to the Firm, to assist in factual inquiries and factual determinations, Court determinations, transactions and dealings in relation to the subject matters, with regard to the Services which you have retained the Firm.  The Firm reserves the right to terminate its representation if you do not adequately cooperate with the Firm in the accomplishment of the objectives with regard to the Services for which the Firm has been retained.

## CONCLUSION OF SERVICES

When the Firm concludes the requested and contemplated Services, all unpaid charges shall become immediately due and payable.  In addition, and upon Client's request, the Firm will deliver to Client the Client's files along with any property or deposits in the Firm's possession.  However, the Client will be required to pay for the Firm to copy files before the Firm releases the original files to Client.

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 4

## RETENTION OF RECORDS

After the conclusion of your matter the Firm will retain the files and records pertaining thereto for a period of five (5) years, after which time the Firm may have the files and records destroyed.  If you desire to have your files and records maintained beyond the five (5) years after this matter is concluded, separate arrangements with the Firm must be made.

## NO OPINION LETTERS UNLESS PURSUANT TO A SEPARATE AGREEMENT

The Firm has a policy that it does not provide opinion letters to its clients or to others who might wish to rely on such letters.  We do not alter this policy, except under very unusual circumstances, and then only upon further written agreement, as approved by the Firm, which provides for compensation to us for the special risks attendant to the furnishing of such opinions.

Client understands and acknowledges that the Firm has not been asked, nor does the Firm assume any obligation or duty to perform any due diligence into any actual or potential litigation parties or their assets.  Without limiting the foregoing, the Firm assumes no duty to search for pending or past litigation involving any party or asset, or for liens or other encumbrances which may impact Client's views of any potential litigation. Client understands and agrees that the Firm will not have any affirmative obligation to notify Client of changes to the law that may affect Client's interest and shall take reasonable steps to keep Clients fully informed and respond to Client's inquiries.  Client, in turn, agrees to cooperate with the Firm, keep the Firm informed of all developments relevant to the Services being provided, and otherwise abide by the terms of this Retention Agreement.

## MALPRACTICE INSURANCE

The Firm maintains errors and omissions insurance coverage for claims up to $2,000,000 applicable to the Services to be rendered hereunder, and such coverage complies with the requirements imposed by California Business and Professions Code §§6147(a)(6) and 6148(a)(4).

## DISCLAIMER OF GUARANTEE REGARDING REPRESENTATION OF CLIENT

Nothing in this Retention Agreement, and nothing in the Firm's statements to Client, will or should be construed as a promise or guarantee as to the outcome of any contemplated representation of Client's interests.  The Firm, directly and through any individual attorneys, makes no promises or guarantees regarding the outcome of Client's representation, and has specifically informed Client that the outcome is uncertain and cannot be accurately predicted. Any comments about the possible and probable outcome of the contemplated representation are, and should be treated as, only the Firm's expressions of opinion and intended effort.

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 5

## PAYMENT OF FEES AND COSTS AND FEE DISPUTES IN BANKRUPTCY:

As Client is in a pending Chapter 11 proceeding, the ultimate fees to be awarded the Firm for its representation of the Client in the chapter 11 case must be approved by the Bankruptcy Court (the Court").

The Court will retain jurisdiction with regard to all disputes regarding the Firm's employment, its attorney's fees or costs, including attorney's fees or costs incurred resolving a dispute.

The Firm will file an application with the Court on Client's behalf authorizing the Client to employ the Firm in the Chapter 11 bankruptcy case and to establish procedures authorizing the Client and the General Partner to pay, on an interim basis, the Firm's fees and reimbursable costs each month.

## INTEGRATED AGREEMENT

Client and the Firm expressly acknowledge and understand that this Retention Agreement contains all of the terms of our agreement, and that there are no terms or provisions, representations or warranties, or other matters affecting the contemplated retention which are not contained herein. Client and the Firm further acknowledge, understand and agree that this Retention Agreement may be modified, changed, or superseded only by a subsequent writing signed by each of the parties to this Retention Agreement.

## EFFECTIVE DATE

This Retention Agreement will not take effect, and the Firm will have no obligation to provide legal services, unless and until Client returns a signed original copy of this Retention Agreement to the Firm, though the effective date will then be retroactive to the date when the Firm first provided requested Services. The date of this correspondence-letter agreement is for reference only. If this Retention Agreement does not take effect for any reason whatsoever, Client will nevertheless be obligated to pay the Firm the reasonable value of any services performed for Client.

## DISCHARGE AND WITHDRAWAL

You may discharge the Firm at any time. The Firm may withdraw at any time with your consent or for good cause without your consent. Good cause includes the breach of this agreement (including the failure to pay any statement when due), the refusal or failure to cooperate with us, or any fact or circumstance that would render our continuing representation unlawful or unethical.

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 6

## DETERMINING THE AVAILBALITY OF INSURANCE COVERAGE

The Firm has no expertise in determining whether there is any insurance coverage for the Client in any of the disputes, claims or issues for which the Firm is representing the Client.  THE CLIENT SPECIALLY IS ADVISED TO SEEK SEPARATE COUNSEL IN RELATION TO DETERMINING WHETHER INSURANCE COVERAGE IS AVAILABLE FOR ANY OF THE DISPUTES, CLAIMS, OR ISSUES RELATING TO THE MATTERS THAT THAT THE FIRM IS REPRESENTING THE CLIENT.

## TAX IMPLICATIONS

You may have the right to make a short-term tax election under 28 U.S.C. §1398.  If Client not an actual person, it will need to obtain a new tax identification number.

## INFORMED CONSENT

Once you have had an opportunity to review this letter, please acknowledge that you have read and fully understand this Retention Agreement letter by executing and dating the enclosed copy of this letter where indicated below and return the signed copy to me in the enclosed self-addressed and stamped envelope.

We appreciate your trust in our Firm and we will endeavor to handle this matter in an expeditious and economical fashion and will do everything in our power to assist you in achieving a successful result.

Very truly yours,

**GOE FORSYTHE & HODGES LLP**

Robert P. Goe

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 7

## ACCEPTANCE

I hereby acknowledge receipt of this legal services retainer letter and acknowledge that I have carefully read it and understand it fully.

Based upon this understanding, I desire to retain Goe Forsythe & Hodges LLP to perform the requested legal services and also expressly agree to comply with and be fully bound by each and every term and condition set forth in this retainer letter.

*Dated:* ___02  23  2023___ FGV FRESNO LP by its General Partner,
The Group of Companies Inc.,

By: _____

Its: Authorized Representative

**CONTACT INFORMATION FOR CLIENT:**
**(please correct or update if you have new information not reflected below:**

Party(ies) to Contact:                 Doug Beach or Scott Krentel

Office phone number(s):               _____

Social Security Number(s) for Individuals

_____

Tax ID Number for Businesses:

83-4133824

Office fax number(s):                 _____

Mobile phone numbers:                 _____

Home phone numbers:                   _____

17701 Cowan, Suite 210, Irvine, CA 92614 ~ Tel: 949.798.2460 ~ Fax: 949. 955.9437
www.goeforlaw.com

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 8


E-mail addresses:                          **skrentel@hotmail.com and
                                           dbeach@bflc.com**

Address(es) if different than on page 1:   _____

                                           _____

                                           _____

                                           _____

                                           _____

                                           _____

                                           _____

FGV Fresno LP
Attention: Scott Krentel
February 23, 2023
Page 9

### GUARANTEE OF PAYMENT OF FEES AND COSTS

I hereby acknowledge receipt of this legal services retainer letter and acknowledge that I have
carefully read it and understand it fully.

Based upon this understanding, The Group of Companies, Inc. shall guarantee the payment of
fees and costs incurred by the Firm on behalf of Client.


Dated: 02 23 2023        The Group of Companies, Inc.

By: _____

Its: Authorized Representative

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION, FGV FRESNO LP FOR AUTHORITY TO EMPLOY GOE FORSYTHE & HODGES LLP, AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF; NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON  MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 1, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com**
- **Jeffrey W Broker    jbroker@brokerlaw.biz**
- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Kristin T Mihelic    kristin.t.mihelic@usdoj.gov**
- **Summer M Shaw    ss@shaw.law,
  shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
- **Steven K Vote    svote@wjhattorneys.com, btippie@wjhattorneys.com**

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) March 1, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 1, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701
- (SUSPENDED DUE TO COVID-19 PROTOCOLS)

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 1, 2023 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

11

**In re FGV Fresno LP**
**8:23-bk-10170-SC**

Debtor
FGV Fresno LP
18022 Cowan, Suite 201
Irvine, CA 92614-6866

United States Trustee (SA)
411 West Fourth Street, Ste. 7160
Riverside, CA 92701-4500

ATT
208 S Akard Street, Suite 2954
Dallas, TX 75202-4295

Adrian Sons Carpet Cleaning
4722 E Kerckhoff
Fresno, CA 93702-2514

Advanced 1PM
1110 Melody Lane
Roseville, CA 95678-5193

Aligned Fencing Inc
5941 E Montecito Ave
Fresno, CA 93727-5532

All Weather Heat Plumbing
2370 W Cleveland Ave, Suite 133
Madera, CA 93637-8742

American Custom Private Security
446 E Vine Street
Stockton, CA 95202-1116

Anita Bowling
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Anthony Howell
5856 W Garland Ave
Fresno, CA 93722-7549

Antonio Pulido
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Beach Freeman Lim Cleland LLP
18022 Cowan, Suite 103
Irvine, CA 92614-6864

Beaumont 1600 LLC
18111 Von Karman Ave, Suite 460
Irvine, CA 92612-7152

Beaumont 1600, LLC
18022 Cowan, Suite 103
Irvine, CA 92614-6864

California Dept of Fee & Tax Admin
PO Box 142879
Sacramento, CA 94279-0001

Central Valley Pro Builders
5552 Bear Creek Dr
Catheys Valley, CA 95306-9715

Charles Wherry
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

City of Riverside
Public Utilities
3901 Orange Street
Riverside, CA 92501-3610

Cruz Ceja Flooring
1471 N Peach Ave, Suite 107
Fresno, CA 93727-2072

Curtis Malone
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Cynthia Turner
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Denise Turner, President
Riverdrive Properties
3174 Collins Dr, Suite B
Merced, CA 95348-3154

Dixon Associates
620 De Witt, Suite 101
Clovis, CA 93612-1861

Elder & Spencer, LLP
8050 North Palm Ave, Ste 300
Fresno, CA 93711

Franchise Tax Board
Section MS A-30
PO Box 2952
Sacramento, CA 95812-2952

Francine Ward
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Frank Chancelor
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Fresno County Tax Collection
2281 Tulare St
Fresno, CA 93721-2105

Fresno Irrigation District
2907 S Maple Avenue
Fresno, CA 93725-2218

Hamilton Pacific Properties
2033 San Elijo Ave, Suite 143
Cardiff by the Sea, CA 92007-1726

Hamilton Pacific Properties
Attn: Gary Hamilton
2033 San Elijo Ave, Suite 143
Cardiff by the Sea, CA 92007-1726

Hoffman Security
2301 Aviation Dr
Atwater, CA 95301-5120

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

James Latham
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

James Wolf
PO Box 7095
Los Osos, CA 93412-7095

Jeffrey W Broker, Esq.
Broker & Associates PC
18111 Von Karman Ave, Suite 460
Irvine, CA 92612-7152

Jerry Garcia
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Larry Kauffman
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Lisa Roberts, Esq.
McNamara Ney Beatty Slattery, et al.
3480 Buskirk Ave, #250
Pleasant Hill, CA 94523-7310

MGM Property Holdings LLC
18022 Cowan, Suite 103
Irvine, CA 92614-6864

Matson Alarm Co Inc
581 W Fallbrook Ave, Suite 100
Fresno, CA 93711-5519

Michael Scott
6815 W Wrenwood Lane
Fresno, CA 93723-8134

PGE
PO Box 997300
Sacramento, CA 95899-7300

Phylis McGrue
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Prestige Worldwide Inc dba
Vanguard Cleaning Systems
5301 Office Park Drive, Suite 220
Bakersfield, CA 93309-0652

River Drive Properties
3174 Collins Dr, Suite B
Merced, CA 95348-3154

Rodney Bernaldo
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Ruanne Bernaldo
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Sai Bolanos
PO Box 28307
Fresno, CA 93729-8307

San Joaquin Chemicals Inc
PO Box 1280
Suisun City, CA 94585-1280

Scott Krentel
18012 Cowan, Suite 103
Irvine, CA 92614-6800

Steven Hrdlcka
555 W Shaw Ave, Suite C1
Fresno, CA 93704-2503

Steven R Hrdlcka
555 W Shaw Ave, Suite C1
Fresno, CA 93704-2503

The Desert Treasures Trust a/t/d
18022 Cowan, Suite 103
Irvine, CA 92614-6864

The Group of Companies, Inc
PO Box 55317
Riverside, CA 92517-0317

The Group of Companies, Inc.
18022 Cowan, Suite 103
Irvine, CA 92614-6806

Theodore White
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

United Security bank
2126 Inyo Street
Fresno, CA 93721-2611

Valley Air Conditioning Repair
825 S Topeka Ave
Fresno, CA 93721-2406

Valley A1 Electric
2429 Wolf Street
Merced, CA 95348-3771

Valley Elevator Inc
90 E Escalon Ave, Suite 109
Fresno, CA 93710-5138

Valley Remodel Rehab Inc
825 Topeka Ave
Fresno, CA 93721-2406

Vivian Evans
c/o Margaret Elder, Esq.
17011 Beach Blvd, Ste 900
Huntington Beach, CA 92647-5998

Wanger Jones Helsley PC
265 E River Park Circle, Suite 310
Fresno, CA 93720-1580

Summer Shaw
Shaw & Hanover, PC
44-901 Village Ct, Suite B
Palm Desert, CA 92260-3814